IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-148-D
No. 5:14-CV-654-D

| | |
|---|---|
| LEROY EARL LOVELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 17, 2014, Leroy Earl Lovell ("Lovell") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 190-month sentence [D.E. 75]. On November 3, 2014, Lovell filed a motion to reduce his sentence under the drug quantity table amendment [D.E. 78]. On February 10, 2015, the United States ("government") moved to dismiss Lovell's section 2255 motion [D.E. 80] and filed a memorandum in support [D.E. 81]. On March 6, 2015, Lovell responded in opposition to the government's motion to dismiss [D.E. 83]. As explained below, the court grants the government's motion to dismiss, dismisses Lovell's section 2255 motion, and denies Lovell's motion to reduce his sentence.

I.

On March 13, 2012, Lovell pleaded guilty, pursuant to a written plea agreement [D.E. 54], to conspiracy to distribute and possess with the intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), and to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count four). See [D.E. 18, 44]. On July 25, 2012, the court sentenced Lovell to 130 months' imprisonment on count one and 60 months' imprisonment on count four (to be served consecutively to count one), yielding a

total prison sentence of 190 months. See [D.E. 57, 58].

Lovell appealed. On May 24, 2013, the United States Court of Appeals for the Fourth Circuit granted the government's motion to dismiss Lovell's appeal based on the appellate waiver in Lovell's plea agreement. See [D.E. 73]; cf. Plea Ag. [D.E. 54] ¶ 2(c).[1] On October 15, 2013, the Supreme Court of the United States denied certiorari. See Lovell v. United States, 134 S. Ct. 454 (2013).

On October 17, 2014, Lovell filed his section 2255 motion. See [D.E. 75]. In the motion, Lovell makes four claims: (1) that his guilty plea was unknowing; (2) that the court erroneously calculated his advisory guideline range; (3) that his prosecution violated the Tenth Amendment of the United States Constitution; and, (4) that he received a sentence exceeding the "maximum authorized by law." See id. 6–12.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010),

---

[1] In Lovell's plea agreement, Lovell agreed:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the Government of any of its rights to appeal provided by law.

Plea Ag. ¶ 2(c).

2

aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993).

First, Lovell argues that his guilty plea was unknowing and, therefore, that the appellate waiver in his plea agreement is unenforceable. See [D.E. 75] 6. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At Lovell's Rule 11 hearing, Lovell stated under oath that he had consulted with his counsel

3

about the charges to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. [D.E. 68] 7–20, 22–23, 30, 32–33. Lovell also swore that he understood the charges to which he was pleading guilty and understood the maximum penalties provided for those charges. See id. 23–29. Lovell also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 27–29. Lovell also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Lovell and the government. See id. 28–32. In his plea agreement, Lovell expressly agreed that his maximum sentence on count one could be 20 years and that his maximum sentence on count four could be life. See Plea Ag. ¶ 3(a). In the plea agreement, the United States did not agree to a specific sentence and reserved the right to make a sentencing recommendation. See id. ¶ 4. During Lovell's Rule 11 hearing, the court read Lovell's appellate waiver aloud to him, and Lovell swore that he understood the rights he was giving up in the waiver. See Rule 11 Tr. 31–32. Lovell also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment on count four. See id. 29–31, 33–34.

At the end of his Rule 11 hearing, Lovell pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 34–38. The court then accepted Lovell's guilty plea. See id. 38–39.

In light of the Rule 11 colloquy, Lovell's guilty plea was knowing and voluntary. See

4

Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Moreover, as the Fourth Circuit concluded in dismissing Lovell's direct appeal, not only is Lovell's guilty plea valid, but the appellate waiver in his plea agreement also is valid. See [D.E. 73]; see, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. Accordingly, Lovell's first claim fails.

Next, Lovell contends that the court incorrectly calculated his advisory guideline range. This claim, however, falls within the scope of his appellate waiver. See, e.g., Copeland, 707 F.3d at 528–30. Accordingly, Lovell's second claim fails.

Next, Lovell claims that his prosecution violates the Tenth Amendment. The claim fails. See, e.g., Gonzales v. Raich, 545 U.S. 1, 22–33 (2005); Montgomery Cnty., Md. v. Fed. Nat'l Mortg. Ass'n, 740 F.3d 914, 926 (4th Cir. 2014); United States v. Bell, 90 F.3d 318, 320–21 (8th Cir. 1996); United States v. Leshuk, 65 F.3d 1105, 1111–12 (4th Cir. 1995); United States v. Owens, 996 F.2d 59, 60–61 (5th Cir. 1993) (per curiam); United States v. Dumas, 934 F.2d 1387, 1390 (6th Cir. 1990).

Finally, Lovell claims that his sentence exceeds the "statutory maximum." Lovell's 130-month sentence on count one is less than the statutory maximum of 240 months under 21 U.S.C. §§ 841(a)(1) and 846. Likewise, Lovell's sentence of 60 months on count four is less than the statutory maximum of life imprisonment under 18 U.S.C. § 924 (c)(1)(A). Thus, the claim fails.

After reviewing the claims presented in Lovell's section 2255 motion, the court determines that reasonable jurists would not find the court's treatment of any of Lovell's claims decided in this order debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

Lovell seeks relief under 18 U.S.C. § 3582(c) and Guideline Amendment 782. See [D.E. 78]. The court assumes without deciding that Lovell is eligible for relief under section 3582(c) and Guideline Amendment 782. The court (again) has reviewed the entire record and declines to exercise its discretion to reduce Lovell's sentence. See, e.g., United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010); cf. United States v. Smalls, 720 F.3d 193, 196–97 (4th Cir. 2013). Lovell is a recidivist drug dealer with a history of violence. See PSR [D.E. 47] ¶¶ 16, 17, 21, 22, 23, 24, 25. Lovell received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a), and the court declines to reduce it. See, e.g., Perez, 536 F. App'x at 321.

III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 80], DISMISSES Lovell's section 2255 motion [D.E. 75], and DENIES a certificate of appealability. The court also DENIES Lovell's motion to reduce his sentence [D.E. 78]. The clerk shall close the case.

SO ORDERED. This 20 day of April 2015.

JAMES C. DEVER III
Chief United States District Judge

6

Case 5:11-cr-00148-D   Document 84   Filed 04/20/15   Page 6 of 6