IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-148-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LEROY EARL LOVELL, | ) | |
| | ) | |
| Defendant. | ) | |

On January 7, 2021, Leroy Earl Lovell ("Lovell") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed records in support [D.E. 93].[1] On January 28, 2021, Lovell's counsel filed a memorandum and exhibits in support [D.E. 96, 99]. On February 16, 2021, the government responded in opposition [D.E. 103]. On March 2, 2021, Lovell replied [D.E. 105]. As explained below, the court denies Lovell's motion for compassionate release, denies Lovell's motion for reconsideration, and dismisses Lovell's request for home confinement.

I.

On March 13, 2012, pursuant to a written plea agreement, Lovell pleaded guilty to conpsiracy to distribute and possess with the intent to distribute 50 kilograms or more of marijuana (count one) and possessing a firearm in furtherance of a drug trafficking crime (count four). See [D.E. 43, 44,

---

[1] Lovell also moves for reconsideration of this court's order of April 20, 2015, denying Lovell's motion to reduce his 190-month sentence. See [D.E. 93] 5–7. On October 5, 2015, the United States Court of Appeals for the Fourth Circuit affirmed that order. See United States v. Lovell, 616 F. App'x 126, 126–27 (4th Cir. 2015) (per curiam) (unpublished). The court has reviewed the entire record and governing law. The court denies as meritless Lovell's motion for reconsideration.

54, 68]. On July 25, 2012, the court held Lovell's sentencing hearing. See [D.E. 57, 71]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and addressed Lovell's objections. See Sent. Tr. [D.E. 71] 5–60; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Lovell's total offense level to be 27, his criminal history category to be VI, and his advisory guideline range to be 130 to 162 months' imprisonment on count one and 60 months' consecutive imprisonment on count four. See Sent. Tr. [D.E. 71] 59–60. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lovell to 130 months' imprisonment on count one and 60 months' consecutive imprisonment on count four, for a total sentence of 190 months' imprisonment. See id. at 64–67. Lovell appealed. See [D.E. 62]. On May 24, 2013, the Fourth Circuit dismissed Lovell's appeal. See [D.E. 73].

On October 17, 2014, Lovell moved to vacate, set aside, or correct his 190-month sentence under 28 U.S.C. § 2255. See [D.E. 75]. On November 3, 2014, Lovell moved to reduce his sentence. See [D.E. 78]. On April 20, 2015, the court dismissed Lovell's section 2255 motion, denied a certificate of appealability, and denied Lovell's motion to reduce his sentence. See [D.E. 84]. Lovell appealed. See [D.E. 86]. On October 5, 2015, the Fourth Circuit dismissed the portion of Lovell's appeal dealing with the court's dismissal of his section 2255 motion and affirmed the court's denial of Lovell's motion to reduce his sentence. See Lovell, 616 F. App'x at 126–27.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such

2

a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or

---

        cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)  Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

Case 5:11-cr-00148-D   Document 108   Filed 03/29/21   Page 4 of 9

anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Lovell contends that he exhausted his administrative remedies. See [D.E. 99] 4; [D.E. 103-1]. The government has not invoked section 3582's exhaustion requirement. See United States v.

Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).³ Accordingly, the court addresses Lovell's claim on the merits.

Lovell seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Lovell cites the COVID-19 pandemic, his age, and his health conditions, including hypertension, obesity, an enlarged prostate, glaucoma, musculoskeletal pain, a bone spur, and his family's history of cancer. See [D.E. 93] 3–4; [D.E. 96]; [D.E. 99] 11–14. Lovell also cites the conditions at FCI Edgefield, his employment history, his education, that he has served over 116 months of his federal sentence, his conduct while incarcerated, and his release plan. See [D.E. 93] 3–4, 7–10; [D.E. 99] 8–10, 13, 18–19.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Lovell states that he suffers from hypertension, obesity, an enlarged prostate, glaucoma, musculoskeletal pain, a bone spur, and that his family has a history of cancer, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Lovell serves his sentence. Accordingly, reducing Lovell's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the conditions at FCI Edgefield, and Lovell's age and health conditions are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954

---

³ The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, having reviewed the entire record, the section 3553(a) factors counsel against reducing Lovell's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Lovell is 51 years old and engaged in prolonged, serious criminal behavior between 1995 and 2011. See PSR [D.E. 47] ¶¶ 7–14. For over 15 years (when not incarcerated), Lovell trafficked drugs in Fayetteville, North Carolina, and was accountable for distributing 153.8 kilograms of marijuana. See id. Lovell also possessed a .45 caliber handgun in connection with his drug trafficking activities and was a manager in the conspiracy. See id.; Sent. Tr. [D.E. 71] 44–45. Lovell also engaged in obstructive conduct by plotting the murder of the confidential informant whose work led to his arrest. See PSR ¶ 13; Sent. Tr. [D.E. 71] 45–59. Lovell also is a recidivist with convictions for criminal sale of marijuana 4th degree (two counts), criminal possession of marijuana 5th degree in a public place, possession of marijuana, delivery of marijuana, possession of marijuana–4 ounces to 5 pounds, unlawful carrying of a weapon, assaulting 3rd degree recklessly causing physical injury, trafficking cocaine by sale (two counts), conspiracy to traffic cocaine (two counts), possession of marijuana up to one-half ounce (two counts), obtaining a driver's license by fraud, fleeing or eluding arrest with a motor vehicle, and driving while impaired. See PSR ¶¶ 16–28. Lovell also has performed poorly on supervision. See id. ¶¶ 19, 27. Although Lovell has taken some positive steps while incarcerated on his federal sentence, he has sustained infractions for unauthorized use of a phone and failure to wear a face mask. See [D.E. 93] 4; [D.E. 99] 18.

7

The court has considered Lovell's exposure to COVID-19, the conditions at FCI Edgefield, his age, his health conditions, his employment history, his education, his conduct while incarcerated, that he has served over 116 months of his federal sentence, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Lovell, the section 3553(a) factors, Lovell's arguments, the government's persuasive response, and the need to punish Lovell for his serious criminal behavior, to incapacitate Lovell, to promote respect for the law, to deter others, and to protect society, the court declines to grant Lovell's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Lovell's request for home confinement, Lovell seeks relief under the CARES Act. See [D.E. 99] 21. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Lovell's request for home confinement.

II.

In sum, the court DENIES Lovell's motion for compassionate release [D.E. 93], DENIES Lovell's motion for reconsideration [D.E. 93], and DISMISSES Lovell's request for home confinement.

8

SO ORDERED. This 29 day of March 2021.

                                                          JAMES C. DEVER III
                                                          United States District Judge